■ In the Matter of the Claim of TERESA D. GIL, Appellant. MIDDLETOWN COMMUNITY HEALTH CENTER, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [901 NYS2d 397]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 24, 2009, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence in the record supports the Unemployment Insurance Appeal Board's ruling that claimant's failure to take a lunch break constituted disqualifying misconduct. After becoming concerned about claimant's penchant for leaving work to run personal errands and skipping lunch in an attempt to make up the lost time, her supervisor directed that she take lunch at a specific time and use leave time for other absences. When claimant thereafter arrived late to work without charging leave and failed to take her lunch break, her employment was terminated. While claimant's account of events differed to some extent, the Board properly credited evidence that she refused to obey reasonable rules set by her employer despite warnings to do so and determined that, as a result, her actions constituted misconduct barring the receipt of unemployment insurance benefits (*see Matter of Mills [Unisource Worldwide, Inc.—Commissioner of Labor]*, 7 AD3d 845 [2004]; *Matter of Reichert [LOSCO Group—Commissioner of Labor]*, 256 AD2d 709, 709-710 [1998]).

Cardona, P.J., Peters, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.